UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH GLEN BLUE,

        Petitioner,

v.

JAMES KEY,

        Respondent.

Case No. 2:21-cv-00172-RAJ-TLF

REPORT AND RECOMMENDATION

Noted for December 3, 2021

This matter comes before the Court on Petitioner's Petition for writ of *habeas corpus* under 28 U.S.C. § 2254. Petitioner, proceeding *pro se*, challenges the March 29, 2019 determination of the Indeterminate Sentencing Review Board ("ISRB") that Petitioner's minimum term of confinement should be extended by 24 months. Dkt. 9 at 1.

Petitioner did not file his Petition on the form required by the court and does not clearly enumerate his claims. However, construing the Petition liberally, the Court agrees with Respondent that the Petition appears to present the following three grounds for habeas relief: (1) The ISRB's determination unlawfully imposed an exceptional sentence in excess of the statutory maximum in violation of *Blakely v. Washington*, 542 U.S. 296 (2003) (Dkt. 9 at 3–4); (2) The ISRB violated state law by imposing a sentence

REPORT AND RECOMMENDATION - 1

exceeding the statutory maximum without following procedures for exceptional sentences, depriving Petitioner of a due process right to community custody (Dkt. 9 at 5–9); and (3) Petitioner was deprived of his right to due process because the ISRB's decision relied upon erroneous information (Dkt. 9 at 9–10).

For the reasons set forth below, the undersigned recommends that the petition be DISMISSED and that a certificate of appealability (COA) be DENIED.

## BACKGROUND

The Petition does not challenge Petitioner's underlying conviction and sentence, but instead contests a post-conviction decision by the ISRB. The facts of Petitioner's criminal case are summarized by the Washington State Court of Appeals and will not be repeated here. *See* Dkt. 19-1 at 3–8 (Ex. 14). Rather, procedural history relevant to Petitioner's claims regarding the ISRB's decision is discussed below.

Petitioner was convicted by a jury in 2008 of first degree rape and assault. Dkt. 16-1 at 2(Ex. 1). After his direct appeal, a 2011 Amended Judgment and Sentence was entered; Petitioner was convicted of first degree rape and the trial court imposed an indeterminate sentence pursuant to RCW 9.94A.712[1] of 123 months to life, including lifetime community custody. Dkt. 16-1 at 14, 19–20 (Ex. 2). In 2017, after Petitioner had served 103 months of confinement, the ISRB conducted Petitioner's first releasability hearing pursuant to RCW 9.95.420 and found him to be releasable. Dkt. 16-1 at 56 (Ex. 5). Petitioner was released in July 2017. Dkt. 16-1 at 63 (Ex. 6). However, Petitioner's community custody was terminated one month later and in October 2017 he was found

---

[1] This statute has been recodified as RCW 9.94A.507. Laws 2008, ch. 231, § 56.

REPORT AND RECOMMENDATION - 2

guilty of several violations of his community custody conditions. *Id*. At that time, the ISRB returned Petitioner to confinement and added 24 months to his minimum term of confinement. *Id*.

Petitioner's next releasability hearing, which is the subject of this Petition, took place on February 26, 2019. Dkt. 16-1 at 63 (Ex. 6). On March 29, 2019, the ISRB issued its written ruling finding Petitioner not releasable and adding 24 months to his minimum term of confinement. *Id*.[2]

Petitioner filed a Personal Restraint Petition ("PRP") on July 1, 2019 challenging the ISRB's 2019 decision, but it was dismissed by the Court of Appeals as unsupported. Dkt. 16-1 at 81 (Ex. 9). On September 13, 2019, Petitioner re-filed his PRP, reasserting his challenge of the ISRB's decision and also contesting the underlying judgment and sentence. Dkt. 16-1 at 86–166 (Ex. 11). The Court of Appeals construed the PRP as raising two claims with respect to the ISRB's decision: (1) that "[Petitioner's] indeterminate sentence exceeded the ISRB's statutory jurisdiction by unlawfully imposing a sentence outside the standard sentencing range without following the exceptional sentencing procedures"; and (2) that the ISRB abused its discretion because "the four reasons the ISRB gave for its decision are insufficient grounds to deny his conditional release." Dkt. 19-1 at 9–10, 10–11 (Ex. 14).

The Court of Appeals dismissed the PRP, holding the ISRB properly exercised its statutory discretion to impose a new minimum term and that its reasons for doing so

---

[2] Petitioner has since had one more releasability hearing before the ISRB. In a written decision dated March 11, 2021, the ISRB again found Petitioner not releasable and added 24 months to his minimum term. Dkt. 16-1 at 32 (Ex. 4). That decision is not at issue here.

REPORT AND RECOMMENDATION - 3

were authorized by statute and properly based on a preponderance of the evidence. *Id*. at 10,16 (Ex. 14). The court also dismissed Petitioner's challenge of the underlying judgment and sentence as untimely and successive. *Id*. at 18. Petitioner filed an "objection" that the Washington Supreme Court construed as a motion for discretionary review. Dkt. 19-1 at 40–41 (Ex. 16). The sole argument Petitioner raised before the Washington Supreme Court was that the ISRB's 24-month extension of his minimum term of confinement unlawfully imposed an exceptional sentence; the court commissioner held the argument without merit and denied review. *Id*. The Court of Appeals issued a Certificate of Finality on March 26, 2021. Dkt. 19-1 at 44 (Ex. 17).[3]

Petitioner filed this Petition on February 8, 2021. Dkt. 1. Respondent filed an Answer, and the relevant state court record, on June 17, 2021. Dkts. 15–19. Petitioner has not filed a reply.

## DISCUSSION

**A.    Exhaustion of State Court Remedies**

The exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A)  the applicant has exhausted the remedies available in the courts of the State[.]").

A state prisoner must exhaust state remedies by fairly presenting the same factual and legal bases for claims of any violation of federal rights to the state courts,

---

[3] Petitioner has previously pursued a federal habeas petition challenging his underlying conviction and sentence. *Blue v. Glebe*, No. 2:14-CV-01463 MJP-JPD. That matter was dismissed with prejudice as untimely. *Id.* at Dkts. 20, 23.

before including those same claims in a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 277–78 (1971). Exhaustion of federal claims requires the petitioner to finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Respondent argues that Petitioner has not exhausted his claims. Dkt. 15 at 10–17. In particular, Respondent notes that Claims 1 and 3 were never presented to the Washington Supreme Court and Claim 2 does not raise issues of federal law. *Id*. The Court does not reach the exhaustion issue here, because—as discussed below—Petitioner's claims fail to raise a colorable federal claim. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *Granberry v. Greer,* 481 U.S. 129, 135 (1987) (where it is "perfectly clear that the applicant does not raise even a colorable federal claim," the court may deny a claim regardless of whether it has been exhausted).

**B.    Analysis of Substantive Claims**

    1.    <u>Standard of Review</u>

A habeas corpus petition filed under 28 U.S.C. § 2254:

> [S]hall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" the Supreme Court's "clearly established precedent if the state court applies a rule that contradicts the governing law set forth" in the Supreme Court's cases. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams*, 529 U.S. at 405–06). It also is contrary to the Supreme Court's clearly established precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, "and nevertheless arrives at a result different from" that precedent. *Id.*

A state court decision involves an "unreasonable application" of the Supreme Court's clearly established precedent if: (1) the state court "identifies the correct governing legal rule" from the Supreme Court's cases, "but unreasonably applies it to the facts" of the petitioner's case; or (2) the state court "unreasonably extends a legal principle" from the Supreme Court's precedent "to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. The state court decision, however, must be "more than incorrect or erroneous." *Lockyer*, 538 U.S. at 75. That is, "[t]he state court's application of clearly established law must be objectively unreasonable." *Id.*; *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

This is a "'highly deferential standard," which "demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.'" *Harrington v. Richter*,

562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 662, 664 (2004)). "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102–103 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)). "As a condition for obtaining habeas corpus from a federal court," therefore, " a state prisoner must show that the state court's ruling on the claim being presented was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* at 103.

A habeas petition also may be granted "if a material factual finding of the state court reflects 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Juan H. v. Allen*, 408 F.3d 1262, 1270 n.8 (9th Cir. 2005) (9th Cir. 2005) (quoting 28 U.S.C. § 2254(d)(2)). A state court's factual determination is "presumed to be correct," though, and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Finally, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

REPORT AND RECOMMENDATION - 7

2.   Claim 1: "Exceptional" Sentence in Violation of *Blakely*

Petitioner's first claim alleges that the ISRB's determination unlawfully imposed an exceptional sentence in excess of the statutory maximum in violation of *Blakely v. Washington*, 542 U.S. 296 (2003) (Dkt. 9 at 3–4).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490. Four years later the Supreme Court held in *Blakely* that "the 'statutory maximum' for *Apprendi* purposes is the maximum a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by defendant*." 542 U.S. at 303 (emphasis in original). In *Blakely*, the Court held that enhancement of a sentence for deliberate cruelty was unconstitutional when the facts supporting the aggravating factor had not been found by the jury but instead were found by the judge. *Id*. Thus, *Blakely* stands for the proposition that a trial court may impose no greater sentence than that allowed by facts reflected in a jury's verdict. *Id*.

*Blakely* is wholly inapplicable to Petitioner's sentence. Unlike the sentence in *Blakely*, Petitioner's sentence included no aggravating factors that extended its maximum range. Instead, Petitioner's sentence was based solely upon the jury's conviction of Petitioner for the crime of first degree rape. Dkt. 16-1 at 14, 19 (Ex.2). Petitioner was sentenced, pursuant to applicable Washington law, to an indeterminate sentence whose minimum term was 123 months and whose maximum term was *life*. *Id*. As the Court of Appeals explained:

> Sentencing under RCW 9.94A.507 is applicable if an offender is convicted of certain sex offenses, including rape in the first degree. RCW 9.94A.507(1)(a)(i). For such sentences, the statute provides that the sentencing court is required to impose a minimum and maximum term. RCW 9.94A.507(3). The maximum term "shall consist of the statutory maximum sentence for the offense." RCW 9.94A.507(3)(b). The statutory maximum sentence for Class A felonies is life. RCW 9A.20.021(1)(a). The minimum term "shall be either within the standard range for the offense, or outside the standard sentence range pursuant to RCW 9.94A.535, if the offender is otherwise eligible for such a sentence." RCW 9.94A.507(3)(c). Thus, under the indeterminate sentencing framework, the standard sentence range does not set the upper limit of the term of total confinement. Rather, that range sets the lower end of the term of total confinement unless RCW 9.94A.535 applies. The upper limit is set by the statutory maximum for the crime of conviction. RCW 9.94A.507(3)(b).

Dkt. 19-1 at 9 (Ex. 14) (footnote omitted). Thus, Petitioner's sentence was premised solely upon the facts found by the jury and the application of Washington's sentencing statutes. He was properly sentenced to a minimum term (123 months) that was determined from the statutory sentencing range, and to a maximum term (life) as required by statute. Because the maximum term was based solely upon the jury's factfinding, it fully complies with *Blakely*. 542 U.S. at 303.

The ISRB's determination added 24 months of confinement to his minimum term but did not alter the maximum term—which is life. As the Washington Supreme Court held, this was fully within the ISRB's authority:

> The minimum term is thus subject to extension by the [ISRB] if it finds it more likely than not the offender will commit sex offenses if released. RCW 9.95.420(3)(a). And if the [ISRB] does not order an offender released, it sets a new minimum. RCW 9.95.011. Therefore, the [ISRB] here acted completely within its authority and did not impose an unauthorized exceptional sentence.

Dkt. 19-1 at 41 (Ex. 16). This Court is bound by the state court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (state court interpretation of state law is binding on federal habeas court).

REPORT AND RECOMMENDATION - 9

Because the ISRB did not alter Petitioner's maximum sentence, *Blakely* is inapplicable. *Blakely*, 542 U.S. at 304 (distinguishing cases permitting judicial factfinding to extend minimum sentences).

Petitioner was not subjected to an "exceptional" sentence, and *Blakely* does not apply. Petitioner's Claim 1 fails to raise a colorable federal claim and should be dismissed.

### 3. Claim 2: Sentence Violating State Law

Petitioner's second claim challenges the ISRB's addition of 24 months to his minimum confinement, asserting that the ISRB violated state law by imposing a sentence exceeding the statutory maximum without following procedures for exceptional sentences, and deprived Petitioner of a due process right to community custody. Dkt. 9 at 5–9. Petitioner claims that the ISRB's actions violated Washington's Sentencing Reform Act, RCW Ch. 9.94A. *Id*. at 6–8.

This claim alleges only violations of state law; errors of state law are not cognizable in federal habeas proceedings. *Estelle*, 502 U.S. at 67 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Claim 2 does not state a cognizable habeas claim and should therefore be dismissed.

### 4. Claim 3: ISRB Reliance on Erroneous Information in Violation of Due Process

Petitioner's third claim contends that he was deprived of his right to due process because the ISRB's decision relied upon erroneous information. Dkt. 9 at 9–10.

A state prisoner has no constitutional or federal right to be released before a valid state sentence expires. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam) (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979)). The Supreme Court has held that federal habeas relief does not extend to review of the evidentiary basis for state parole decisions. *Id*. Because habeas relief cannot be granted for state law errors, and because the Due Process Clause does not require correct application of a state's evidence standards for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. *Id*. at 220–21.

Federal due process protection with respect to parole proceedings is very limited. A federal habeas court may only inquire as to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. *Id*. at 221; *Miller v. Oregon Bd. of Parole and Post–Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Swarthout* that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural inquiry is "the beginning and the end of'" federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. *Swarthout at* 220.

Here, the Court of Appeals held that Petitioner received adequate due process:

> For a sex offender facing a releasability hearing under RCW 9.95.420, minimal due process includes the ISRB's review of the offender's file and the offender's opportunity to be heard by the ISRB. *In re McCarthy*, 161 Wn.2d 234, 242, 164 P.3d 1283 (2007). Here, Blue was given a copy of his file a month before the scheduled hearing so he could review it and raise his concerns there. Blue had

the required notice and opportunity to be heard.

Dkt. 19-1 at 14 (Ex. 14). The record also reflects that Petitioner received a statement of reasons for the ISRB's decision. Dkt. 16-1 at 63–69 (Ex. 6).

Petitioner does not challenge whether he received these procedural protections; instead he contends that the ISRB relied upon incorrect evidence. Dkt. 9 at 9. But as noted above, the Court cannot consider or review the evidentiary basis of the ISRB decision. "Because the only federal right at issue is procedural, the relevant inquiry is what process [he] received, not whether the state court decided the case correctly." *Swartout.* at 222. The record establishes, and Petitioner does not dispute, that he received the process required by *Swartout*.

Petitioner's third claim is without merit and should be denied.

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Schriro,* 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also Cullen,* 131 S. Ct. 1388 (2011). "[A]n evidentiary hearing is *not* required on issues that can be resolved by

reference to the state court record. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (emphasis in original).

Because, as discussed above, the grounds petitioner raises may be resolved based solely on the state court record, and he has failed to prove his allegation of constitutional errors, no evidentiary hearing is required.

## CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)–(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that Petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of Petitioner's constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

# CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **December 3, 2021**, as noted in the caption.

Dated this 16th day of November, 2021.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14